# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

### SEATTLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. C22-1567 |
| Plaintiff, | |
| v. | **CONSENT JUDGMENT** |
| JONATHAN TETREAULT, | |
| Defendant. | |

The Securities and Exchange Commission having filed a Complaint, and Defendant Jonathan Tetreault having (i) entered a general appearance, (ii) admitted the Court's jurisdiction over him and the subject matter of this action, (iii) consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and as provided in Paragraph VIII, below), (iv) waived entry of findings of fact and conclusions of law, and (v) waived any right to appeal from this Consent Judgment, _see_ Consent (docket no. 2):

CONSENT JUDGMENT
*SEC V. TETREAULT*

1

**Securities and Exchange Commission**
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Consent Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the

CONSENT JUDGMENT
*SEC V. TETREAULT*
2
**Securities and Exchange Commission**
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

1  Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o] by using the mails or any

2  means or instrumentality of interstate commerce to effect any transaction in, or to induce or

3  attempt to induce the purchase or sale of, any security unless Defendant is registered or is

4  associated with a broker-dealer that is registered in accordance with Section 15(b) of the

5  Exchange Act.

6       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that as provided in Federal

7  Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive

8  actual notice of this Consent Judgment by personal service or otherwise:  (a) Defendant's

9  officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

10  participation with Defendant or with anyone described in (a).

11                                     III.

12       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to

13  Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant is permanently

14  restrained and enjoined from offering, operating, or participating in any marketing or sales

15  program in which a participant is compensated or promised compensation solely or primarily

16  (1) for inducing another person to become a participant in the program, or (2) if such induced

17  person induces another to become a participant in the program.

18       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

19  Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

20  receive actual notice of this Consent Judgment by personal service or otherwise:  (a) Defendant's

21  officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

22  participation with Defendant or with anyone described in (a).

23                                     IV.

24       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to

25  Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant is permanently

26  restrained and enjoined from participating, directly or indirectly, in any offering of a crypto asset

27  security for a period of five years; provided, however, that such injunction shall not prevent

28  Defendant from purchasing or selling crypto asset securities for his own personal account.

CONSENT JUDGMENT
*SEC V. TETREAULT*
            3
**Securities and Exchange Commission**
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

1    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

2   Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

3   receive actual notice of this Consent Judgment by personal service or otherwise:  (a) Defendant's

4   officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

5   participation with Defendant or with anyone described in (a).

6                                                                  V.

7    IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

8   is liable for disgorgement of $622,787, pursuant to Section 21(d)(5) of the Exchange Act,

9   representing profits gained as a result of the conduct alleged in the Complaint, together with

10   prejudgment interest thereon in the amount of $143,008 and a civil penalty in the amount of

11   $15,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3)

12   of the Exchange Act [15 U.S.C. § 77u(d)(3)], for a total of $780,795.  Defendant shall satisfy this

13   obligation by paying $780,795 to the Securities and Exchange Commission within 14 days after

14   the entry of this Consent Judgment.

15    Defendant may transmit payment electronically to the Commission, which will provide

16   detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly

17   from a bank account via Pay.gov through the SEC website at:

18                              http://www.sec.gov/about/offices/ofm.htm.

19   Defendant may also pay by certified check, bank cashier's check, or United States postal money

20   order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

21           Enterprise Services Center
            Accounts Receivable Branch
22           6500 South MacArthur Boulevard
            Oklahoma City, OK  73169
23

24   and shall be accompanied by a letter identifying the case title, civil action number, name of this

25   Court, and Jonathan Tetreault as a defendant in this action, as well as specifying that payment is

26   made pursuant to this Consent Judgment.

27    Defendant shall simultaneously transmit photocopies of evidence of payment and case

28   identifying information to the Commission's counsel in this action.  By making this payment,

1    Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of

2    the funds shall be returned to Defendant.

3         The Commission may enforce this Consent Judgment for disgorgement and prejudgment

4    interest by using all collection procedures authorized by law, including, but not limited to,

5    moving for civil contempt at any time after 30 days following entry of this Consent Judgment.

6         The Commission may enforce this Consent Judgment for penalties by the use of all

7    collection procedures authorized by law, including the Federal Debt Collection Procedures Act,

8    28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders

9    issued in this action.  Defendant shall pay post-judgment interest on any amounts due after 30

10   days of the entry of this Consent Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall

11   hold the funds, together with any interest and income earned thereon (collectively, the "Fund"),

12   pending further order of the Court.

13        The Commission may propose a plan to distribute the Fund subject to the Court's

14   approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund

15   provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain

16   jurisdiction over the administration of any distribution of the Fund, and the Fund may be

17   disbursed only pursuant to an Order of the Court.

18        Regardless of whether any such Fair Fund distribution is made, amounts ordered to be

19   paid as civil penalties pursuant to this Consent Judgment shall be treated as penalties paid to the

20   government for all purposes, including all tax purposes.  To preserve the deterrent effect of the

21   civil penalty, Defendant shall not, after offset or reduction of any award of compensatory

22   damages in any Related Investor Action based on Defendant's payment of disgorgement in this

23   action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such

24   compensatory damages award by the amount of any part of Defendant's payment of a civil

25   penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such

26   a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty

27   Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset

28   to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall

1  not be deemed an additional civil penalty and shall not be deemed to change the amount of the

2  civil penalty imposed in this Consent Judgment.  For purposes of this paragraph, a "Related

3  Investor Action" means a private damages action brought against Defendant by or on behalf of

4  one or more investors based on substantially the same facts as alleged in the Complaint in this

5  action.

6                                                    VI.

7          If at any time following the entry of this Consent Judgment the Commission obtains

8  information indicating that Defendant knowingly provided materially false or misleading

9  information or materials to the Commission or in a related proceeding, the Commission may, at

10  its sole discretion and without prior notice to the Defendant, petition the Court for an order

11  requiring Defendant to pay an additional civil penalty.  In connection with any such petition and

12  at any hearing held on such a motion: (a)  Defendant will be precluded from arguing that he did

13  not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not

14  challenge the validity of this Consent Judgment, his Consent, or any related Undertakings;

15  (c) the allegations of the Complaint, solely for the purposes of such motion, shall be accepted as

16  and deemed true by the Court; and (d) the Court may determine the issues raised in the motion

17  on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony,

18  and documentary evidence without regard to the standards for summary judgment contained in

19  Rule 56(c) of the Federal Rules of Civil Procedure.  Under these circumstances, the parties may

20  take discovery, including discovery from appropriate non-parties.

21                                                   VII.

22          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent entered

23  into by Jonathan Tetreault dated September 1, 2022, docket no. 2, is incorporated herein with the

24  same force and effect as if fully set forth herein, and that Defendant shall comply with all of the

25  undertakings and agreements set forth therein.

26                                                  VIII.

27          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of

28  exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the

1  allegations in the Complaint are true and admitted by Defendant, and further, any debt for

2  disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this

3  Consent Judgment, or any other judgment, order, consent order, decree or settlement agreement

4  entered in connection with this proceeding, is a debt for the violation by Defendant of the federal

5  securities laws or any regulation or order issued under such laws, as set forth in Section

6  523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

7  IX.

8  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

9  jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment.

10  X.

11  This Consent Judgment resolves all pending claims in this matter, and it is final for

12  purposes of Federal Rule of Civil Procedure 58 and Federal Rule of Appellate Procedure 4.  To

13  the extent, however, that any issues remain for the Court's determination, the Court concludes

14  that no just reason for delay exists, and this Consent Judgment, even if partial, shall be entered

15  forthwith pursuant to Federal Rule of Civil Procedure 54(b).  The Clerk is DIRECTED to update

16  the docket to reflect that Daniel K. Gelb, Gelb & Gelb LLP, 900 Cummings Center, Suite 207-V,

17  Beverly, Massachusetts  01915 (pro hac vice requirements waived) is counsel for Defendant

18  Jonathan Tetreault, to send a copy of this Consent Judgment to all counsel of record, and to

19  CLOSE this case.

20

21  Dated:  November 18, 2022

22

23  _____

24  Thomas S. Zilly
   United States District Judge

25

26

27

28